The judgment here, caused by a variance, will not bar a suit properly brought hereafter.

Affirmed.

---

### Jᴏʜɴ MᶜNᴀᴍᴇᴇ ᴠs. Zᴀᴄʜᴀʀɪᴀʜ Rᴇʟꜰ.

1. Aɢᴇɴᴛ: *Tenant. Attornment.*

Where an agent is placed in possession of real estate by the owner as tenant, to hold possession of the property, such tenant cannot affect the rights of his landlord by attornment, or by any agreement to attorn to a stranger. This is the rule under our statute and at common law.

2. Sᴀᴍᴇ: Sᴀᴍᴇ: *Corporations and corporators.*

A corporation may deal with an individual corporator or stockholder as with any other person, and they may acquire adversary relations towards each other.

Eʀʀᴏʀ to the Circuit Court of *Pike* County.

Hon. Jᴀᴍᴇs M. Sᴍɪʟᴇʏ, Judge.

The facts of this case are very fully stated in the opinion of the court.

It is assigned for error:

1. In overruling motion to dismiss the appeal.

2. That the court erred in overruling the objections of plaintiff in error to the admission of the original papers—judgment, execution, and sheriff's deed—in the case of Herman Doane *v.* The Magnolia Leather Manufacturing Company, in evidence on the trial of this cause, and in overruling the motion to exclude the same from the jury, after the evidence closed.

3. In admitting the parol evidence of Parker to prove the sale of the land.

4. In sustaining plaintiff's objection to the written documents, A, B, and C, offered in evidence by defendant.

5. In granting the instructions for plaintiff.

6. In overruling the motion for new trial.

*Cassidy & Stockdale* for plaintiff in error:

The instructions to the jury are contradictory, and that of itself is sufficient cause for reversal. Miss. Cent. R. R. Co. *v.* Miller, 40 Miss., 45; Southern R. R. Co. *v.* Kendrick, 40

ib., 374; Herndon v. Henderson, 41 ib., 584; House v. Fults, 13 S. & M., 39.

The Code of 1871 gives the remedy for unlawful detainer to a landlord, vendee, mortgagee, trustee, or *cestui que trust,* against his tenant, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession. Code of 1871, § 1582. That the court erred in excluding the testimony, see Cummins v. Kilpatrick, 23 Miss., 106; Burford v. Noland, 30 Miss., 427.

*Frank Johnston,* on the same side.

*A. H. Handy,* for defendant in error:

Cited, as to the proceeding, Code of 1871, §§ 686, 1583, 1584. The remedy is speedy, to give possession, discarding questions of legal and technical titles. Griffing v. Mills, 40 Miss., 611, 616.

The appointment of an agent even to sell land is not required to be in writing by the statute of frauds. Curtis v. Blair, 26 Miss., 324. The judgment will not be reversed for errors committed in the course of the trial, if it appears from the whole record that the judgment, as finally rendered, was well founded in law. Fore v. Williams, 35 Miss., 533; Cameron v. Watson, 40 ib., 209. The record in evidence should have been admitted; it showed color of title sufficient to justify the possession. Hama v. Renfroe, 32 Miss., 125; Wallace v. Anderson, 37 ib., 155.

It is clear that McNamee held the possession, after the plaintiff's purchase at sheriff's sale, *by positive contract with Baker, the agent of plaintiff.* He held either as *tenant at will* of plaintiff, and is estopped, as such tenant, to deny the right of possession of his landlord. Taylor's Land. and Ten., § 705. Newman v. McKin, 13 S. & M., 383. Or he held it as agent of the plaintiff. Story on Agency, § 217, note 3.

SIMRALL, C. J., delivered the opinion of the court.

Sundry parties recovered judgments against the Leather Manufacturing Company, a corporation created under the laws

of Louisiana, but which owned real estate and other property in Pike county, in this state. It is conceded that these judgments, for want of legal service of *mesne* process, are void, and that the sale under them of the *locus in quo* to Relf, the plaintiff, is void. His purchase and the sheriff's deed are the foundation of his right.

On the 22d November, 1867, at a meeting of the directors of this corporation, among other things, the president, Mr. Henderson, was authorized to take all necessary and legal proceedings to obtain entire possession of all the property, buildings, machinery, hides, leather, and effects of any kind, the property of the company, and that he is authorized and requested to do all that may be necessary for the security and custody of the property aforesaid. In accordance with this resolution John McNamee was appointed to take possession of the lands, machinery, and leather in Pike county, Mississippi, etc., to hold the same for the benefit of said company until such time as the president and board of directors may order otherwise, etc. Dated November, 1867. It is thus perceived what relation McNamee sustained towards the corporation. Relf brought this suit for a forcible detainer against McNamee, and pleads his right of recovery upon his purchase, as above stated, and an alleged agreement by McNamee to recognize him as owner of the property, or as landlord. On the other side it is affirmed that McNamee would not attorn to Relf, and any act of that sort would be void. The statute makes void the attornment of a tenant to a stranger. That is also the rule at the common law. Taylor's Land. and Ten., § 180.

It is plain that Relf's purchase under the void judgments did not constitute him assignee, by operation of law, of the estate of the Leather Manufacturing Company, nor did it confer a right of possession. But it said that it created a color of right which allowed the benefit of the agreement of McNamee with Parker, the agent of Relf. It is, in substance, viz.: Shortly after the sale, acting as agent

and for himself and others, including the judgment creditors, he (Parker) proposed to McNamee to employ him for the plaintiff, to keep possession of said land for plaintiff, offering him $50 per month, reserving the right at any time to discharge him, with or without cause. On cross-examination witness said that Relf held the sheriff's title for them— that is, the five judgment creditors, under whose judgment the sale was made. At the time this conversation occurred McNamee was in possession. Parker, for Relf, paid him $50 on two different occasions on account of this property. McNamee, the defendant, as a witness, deposed that he had been in possession for the company for several years; that he never had entered or held possession for Relf otherwise than as a stockholder and part owner; that he was willing to accept pay for his service for taking care of the premises from anyone, and had received two months' pay from plaintiff, but had never accepted or held possession under him alone; never recognized his exclusive right, and never accepted the proposition to hold the premises for Relf as sole owner.

Placing the most liberal interpretations on the testimony of Parker, it tends to show that, although the sheriff's deed to Relf was absolute, yet his purchase was for the benefit of the five judgment creditors, and perhaps others, and the proposition to McNamee was to hold for them. The witness does not say in direct terms that McNamee accepted his offer. The only thing conducing to show an acceptance was that he received $100 paid for Relf. But that is explained by McNamee, as received from him because he was a stockholder, and interested in the property. If NcNamee had agreed to hold the property for account of Relf it would have been an attornment, or an equivalent of it, to a stranger. There is a distinction between the corporation itself, as an artificial entity, and its members, as corporators or stockholders, quite as distinct as between natural individuals. As illustrated here, Relf and the other judgment creditors, stockholders, sued the corporation, and if their judgments were upon legal service

undoubtedly the property would have passed by the sheriff's sale, and have vested in Relf. The corporation may deal with an individual corporator, or stockholder, as with any other person, and they may acquire adversary relations towards each other. Relf was attempting to divest the corporation of its estate in the land, and become individual owner for himself and others associated in some sort of arrangement with him.

It would no more be competent for him to induce the tenant to abandon his allegiance to the corporation for which he entered and held, and recognize him as landlord and proprietor, than if he had no connection whatever with the company as a stockholder.

But does the testimony prove that there was an attornment to Relf? McNamee denies that he ever changed his relations to the corporation, or consented to recognize Relf as sole owner. He received the money from him because of his part ownership as one of the corporators. Parker does not say in terms that McNamee accepted the proposition which he made for Relf, and, as before remarked, the only evidence of acceptance is the acceptance of $100 paid for Relf.

The strength of the plaintiff's case is that McNamee *agreed* to hold possession for him, and, whether Relf has legal title or not, defendant cannot repudiate his recognition of the plaintiff's pretentions, and withhold possession from him. If the evidence comes short of establishing that sort of relation, then the plaintiff is destitute of any legitimate claim to the possession.

The plaintiff in error complains of the instructions granted for the plaintiff below, as calculated to confuse and mislead the jury, and as being contradictory. First, the court tells the jury that if the legal title to the property is in Relf they must find for him. On the trial the defendant objected to the record of the judgment under which the sheriff sold, because, as judgments, they were void. These, with the sheriff's deed, were in evidence to the jury, and were the only pretense of title that Relf had. It is agreed in this court that these

were void. Yet in the light of the testimony the court, after refusing to exclude these documents, in effect says to the jury : If you believe they make up a legal title, find your verdict for the plaintiff.

That declaration is immediately preceded by the announcement that this is a possessory action, and if the jury believe the plaintiff has the right of immediate possession, and that defendant withholds it, they will find for plaintiff.

Considered in connection with the preceding proposition, the jury might have concluded that Relf had a legal title, which conferred on him a right to the immediate possession.

The next proposition is that if McNamee was ever lawfully in possession, yet if his right to hold such possession had expired at the commencement of this suit, and the plaintiff had at that time and still has the right of possession, they must find for the plaintiff.

A careful comparison of the instructions for the respective parties shows a conflict and contradiction which it would be difficult for a jury to reconcile.

If the verdict was clearly right the judgment might be affirmed, notwithstanding the error in the instructions. But it cannot be affirmed that the verdict on the evidence is clearly right. On the contrary the case on the merits, if not against defendant in error, is very doubtful.

Judgment reversed.